IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-81628-TJM |
| | ) | |
| CAROLYN A. MOON, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on November 26, 2007, on the Debtor's Chapter 13 Plan (Fil. # 7) and an Objection to Confirmation (Fil. #9) filed by First National Bank of Omaha. Thalia Carroll appeared for the Debtor and Matthew Eck appeared for First National Bank of Omaha. The parties requested and received the opportunity to present post-hearing briefs, and they have now done so.

This case presents the question of whether the Debtor can avoid a bank's motor vehicle security interest where the bank inadvertently signed a release of lien on the original certificate of title and returned that title to the Debtor. As indicated, this matter was presented to the court in the context of an objection to confirmation of plan. Technically, since the issue involved concerns the existence or validity of a lien, it is properly the subject of an adversary proceeding. However, since there are no factual disputes, the parties have consented to this matter being decided in connection with the objection to confirmation of plan. As discussed below, I find that the Debtor does not have standing to avoid the lien and confirmation is denied.

## FACTS

The underlying facts are not in dispute and are as follows:

1. The Debtor purchased a 2001 Chrysler PT Cruiser from USA Auto on January 18, 2003. On that same date, the purchase contract and security agreement were assigned to First National Bank of Omaha ("Bank").

2. On February 3, 2003, the Bank's purchase money security interest was noted on the certificate of title for the vehicle.

3. In February of 2004, the Debtor refinanced its loan with the Bank. As part of the refinancing, the original promissory note was paid off and a new note was executed.

4. On February 27, 2004, the original purchase money promissory note was marked "Paid" and delivered to the Debtor along with the certificate of title for the motor vehicle noting on the face thereof that the lien was released on February 27, 2004.

5. The signing of the release of lien on the certificate of title to the vehicle was in error by

the Bank since it retained a security interest in the vehicle as part of the refinancing in February of 2004.

6. Debtor retained the certificate of title to the motor vehicle and did not have it reissued showing clear title. Thus, the records of the Nebraska Department of Motor Vehicles continued to show the lien of First National Bank.

7. Debtor continued to make payments on the refinanced loan until June of 2007.

8. In June or July of 2007, the Bank discovered its error and applied for a duplicate certificate of title which was issued. On August 17, 2007, the Bank repossessed the vehicle due to the Debtor's default in making payments.

9. The Debtor filed this Chapter 13 proceeding on August 17, 2007. Debtor's plan seeks to avoid the Bank's lien and to treat its claim as unsecured.

## DISCUSSION

The ultimate issue to be decided is whether the Debtor can avoid the Bank's lien as a preference due to the issuance of the duplicate certificate of title within 90 days of the bankruptcy filing. The Debtor asserts that the Bank lost its security interest when it "released" its lien on the face of the certificate of title and returned that certificate of title to the Debtor. The Debtor further asserts that when the Bank caused a duplicate certificate of title noting its lien to be issued within 90 days of bankruptcy filing, that attempt to re-perfect its security interest constitutes an avoidable preference under 11 U.S.C. § 547.

The Debtor fails to recognize that avoidance powers under Chapter 5 of the Bankruptcy Code are exclusively the province of the trustee, with a few limited exceptions to permit debtors to protect their exemption rights. *LaBarge v. Benda (In re Merrifield)*, 214 B.R. 362, 364-65 (B.A.P. 8th Cir. 1997). Unlike a debtor in Chapter 11 or Chapter 12, the Code does not give Chapter 13 debtors all of the powers of a trustee. A debtor does not have standing to bring a § 547 action unless the trustee has not done so and the debtor could have claimed an exemption in the property. 11 U.S.C. § 522(h). However, that provision is not available when the debtor has given a consensual security interest in the property. 11 U.S.C. § 522(g)(1). It is undisputed that Debtor gave the Bank a security interest in the vehicle both at the time of purchase and upon refinancing. Therefore, Debtor has no standing to bring an avoidance action.

Even if the Debtor could have standing to bring an avoidance action, Bank asserts that the erroneous notation on the certificate of title releasing the lien was not sufficient to complete the lien release under Nebraska law. Therefore, the lien noted in February of 2004 was never finally released and the Bank has remained perfected at all times through the present date.

Section 60-164 of the Nebraska Revised Statutes provides as follows:

> Neb. Rev. Stat. § 60-164. Liens on motor vehicles; when valid; notation on certificate; inventory exception; priority; adjustment to rental price; how construed; notation of cancellation; failure to deliver certificate ; damages; release.
>
> . . . .
>
> (6) When a lien is discharged, the holder shall, within fifteen days after payment is received, note a cancellation of the lien on the certificate of title over his, her, or its signature and deliver the certificate of title to the county clerk or designated county official or the department, which shall note the cancellation of the lien on the face of the certificate of title and on the records of such office. If delivered to a county clerk or designated county official, he or she shall on that day notify the department which shall note the cancellation on its records. The county clerk or designated county official or the department shall then return the certificate of title to the owner or as otherwise directed by the owner. The cancellation of lien shall be noted on the certificate of title without charge. . . .

The Bank's position is that pursuant to the foregoing statute, three steps must be completed before a lien is effectively released. First, the lien must be discharged. Second, the lien holder must note a cancellation of the lien on the certificate of title over its signature. Third, the certificate of title must be delivered to the county clerk or designated county official or the department, which shall note the cancellation of the lien on the face of the certificate of title and on the records of such office. The Bank notes that it never received payment of the loan sufficient to discharge the lien, nor did it ever deliver the certificate of title to the designated county official to note the cancellation of the lien. Instead, all that happened is that the Bank inadvertently noted a cancellation of its lien on the certificate of title and mailed that certificate to the Debtor.

The Debtor argues that under the applicable Nebraska statute, the Bank (and not the Debtor) had the duty to deliver the certificate of title to the appropriate governmental agency to have a clean certificate of title issued when the original purchase money loan was paid off. While that may be technically true according to the statute, what the Debtor fails to recognize is that the original purchase money loan was not really satisfied, but was refinanced by a new loan in favor of the same Bank. Thus, the Bank did <u>not</u> have a duty to release the lien notation on the certificate of title since it retained a security interest in the vehicle as a result of the refinancing.

The release notation on the face of the title and the delivery of that title to the Debtor was a mistake and nothing more. The issuance of a duplicate certificate of title is just that – issuance of a duplicate of title. It was not an act of perfecting a security interest. That perfection occurred in a timely manner in 2003. The Bank at all times retained a security interest in the vehicle. Since the title with the release notation was never presented to the Department of Motor Vehicles, a third party relying upon the records of the Department would have been informed of the existence of the Bank's lien. This is <u>not</u> a case where an innocent third party purchased the vehicle and relied on the release notation on the face of the title. Here, the Debtor knew the lien had not been released and even kept paying on the loan for three years. It simply would be inequitable to allow the Debtor to avoid the lien of the Bank under these circumstances. *See Union Loan & Sav. Ass'n v. Simmons*, 131 Neb. 260, 267 N.W. 449, 451 (1936) (stating that those who have not been injured should not be

permitted to speculate in another's blunders).

      IT IS ORDERED: The Debtor has no standing to avoid the Bank's lien.  Confirmation of Debtor's plan (Fil. #7) is denied.  Debtor shall file an amended plan consistent with this Order by January 18, 2008.  Further, Debtor shall immediately return the vehicle's original certificate of title to the Bank.

      DATED:    January 4, 2008.

                                        BY THE COURT:

                                      /s/ Thomas L. Saladino
                                      Bankruptcy Judge

Notice given by the Court to:
    \*Thalia Carroll
    Matthew Eck
    Kathleen Laughlin
    U.S. Trustee

Movant (\*) is responsible for giving notice to other parties if required by rule or statute.